TREMONT AND SUFFOLK MILLS *vs.* CITY OF LOWELL.

Middlesex.   March 6, 1901. — April 3, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

The corporate franchise tax under Pub. Sts. c. 13, § 40, and the local tax on the
property of a corporation are not complementary taxes.   The determination by
the tax commissioner of the value of real estate and machinery subject to local
taxation, to be deducted from the valuation of the capital stock under the pro-
visions of that section, does not bind the assessors of the city or town where
they are situated, and if the tax commissioner adopts the valuation of the real
estate and machinery of a manufacturing corporation made by the assessors of a
city, and the corporation pays its franchise tax upon that basis, this does not
deprive the corporation of its right to apply to the assessors under Pub. Sts.
c. 11, for an abatement of the tax on the ground of over-valuation and to appeal
from their decision to the Superior Court under St. 1890, c. 127.

PETITION by a manufacturing corporation to the Superior
Court under St. 1890, c. 127, appealing from a decision of the
assessors of the city of Lowell refusing to make an abatement
in a tax upon the real and personal property of the petitioner in
that city alleged to be excessive by reason of the over-valuation
of the property assessed, filed June 6, 1898.

In the Superior Court the case was heard, upon the report of
a commissioner appointed under the provisions of St. 1890, c. 127,
by *Lawton,* J., who, at the request of both parties, reported the
case for the consideration of this court.

It appeared by the report that the petitioner requested nine
rulings, of which the ninth was as follows: " Ninth.  That the
facts that the tax commissioner in determining the excise tax to
be paid to the State has determined the assessed value of said
real estate and machinery fixed by the assessors of Lowell to be
just, and has deducted from his determination of the market
value of the shares such assessed value of the real estate and
machinery, and that the petitioner has paid its franchise tax to
the State upon that basis, if established, were not a bar to the
maintenance of its petition."   The judge declined to give this
or any of the rulings requested, and the petitioner excepted.
The other requests were made immaterial by the ruling of the
judge.

The judge ruled *pro forma* " that, the tax commissioner in determining the excise tax to be paid to the State, having determined the assessed value of the real estate and machinery as fixed by the assessors of Lowell to be just, and having deducted from his determination of the market value of the shares such assessed value of the real estate and machinery, and the petitioner having paid its franchise tax to the State upon that basis, it was not entitled to claim under the provisions of Pub. Sts. c. 11, an abatement of its tax on account of over-valuation of its real estate and machinery by the assessors, and that it was not entitled to maintain its petition," and found for the respondent. To this ruling the petitioner excepted.

The report of the commissioner and the petitioner's exceptions to and motion to re-commit that report were made a part of the report to this court. If the overruling of the petitioner's exceptions to and the refusal to re-commit the commissioner's report, and the rulings and refusals to rule were correct upon all matters material to the finding, judgment was to be entered for the respondent. If they, or any of them, were erroneous, and the petitioner had been prejudiced or aggrieved thereby, the cause was to be remanded to the Superior Court for such further proceedings as justice might require.

*F. E. Dunbar*, for the petitioner.

*F. W. Qua*, for the respondent.

HOLMES, C. J.   This is a petition for the abatement of taxes assessed by the city of Lowell upon the petitioner's real estate and machinery, for the year 1897.   It was proved, subject to the exception of the petitioner, that the tax commissioner, in determining the franchise tax to be paid by the corporation for the same year, had taken as the value of the real estate and machinery to be deducted under Pub. Sts. c. 13, § 40, the valuation now sought to be abated, and that the petitioner had paid the tax thus determined.   Thereupon the Superior Court ruled that the petitioner was not entitled to an abatement under Pub. Sts. c. 11, §§ 69–71, St. 1890, c. 127, and reported the case.

The argument in favor of the ruling regards the franchise tax and the local tax on real estate etc. as if they were complementary taxes intended to divide the property of the corporation between them, and finds a sufficient support for the ruling in

the consideration that, if there were an abatement now made on the valuation deducted for the franchise tax from the fair cash valuation of the shares, a part of the petitioner's property would escape taxation. But it appears to us very plain that this argument is a fallacy and that the ruling was wrong.

The franchise tax is not a tax on the property of the corporation, and its validity sometimes has depended upon this consideration. *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298. *Commonwealth* v. *Cary Improvement Co.* 98 Mass. 19. *National Bank of Commerce* v. *New Bedford*, 155 Mass. 313. It is true that to prevent the technical distinction being made the excuse for double taxation it is provided that the real estate etc. taxed locally shall be deducted from the value of the stock in valuing the franchise. But that does not mean that the franchise tax is a tax on the property of the corporation, as the cases cited sufficiently show.

The proceedings for abatement in Pub. Sts. c. 11, and St. 1890, c. 127, are given in general terms, and we perceive no warrant for denying them in the fact that another officer having a different end in view has adopted the valuation sought to be revised. The possibility of such escape as is involved in a difference between the valuation of the real estate for purposes of assessment and the valuation of the same property for purposes of deduction must be admitted to exist if the tax commissioner should value the real estate higher than the local assessors. It is intimated that this is not likely to happen. But it may happen, and the suggestion to the contrary is significant mainly as warranting the assumption that the officer in charge of the franchise tax will look out for the interests of the Commonwealth whether he does or does not agree with the assessors of a town. On the other hand, when it comes to taxing specific property, there is no reason why the party concerned should not have the usual safeguards and rights which all other persons have. In the case where a corporation might be wronged by the tax commissioner's deducting less than the valuation of the local assessors, a proceeding is provided by c. 13, § 41, which shall be binding on all concerned. But in that case if the corporation does not go to the assessors and county commissioners for an abatement, it may be bound to accept a smaller deduction than the value

on which it pays a tax. In the opposite case probably it was thought that the Commonwealth and its towns would protect their own interests. Certainly the public welfare would not suffer, and there would not be even an inconsistency in theory, if it should happen that a corporation paid a tax on land to a city at a smaller valuation than that set upon it for the determination of what it should pay for its franchise to the State.

*Case remanded to the Superior Court.*